UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| TAYLOR WALLACE BLUE LEGS, Executor of the Estate of Mattie Blue Legs, deceased; MARGARET JENKINS; and RODDY THOMPSON,<br><br>      Plaintiffs,<br><br>vs.<br><br>UNITED STATES BUREAU OF INDIAN AFFAIRS; UNITED STATES INDIAN HEALTH SERVICE; and OGLALA SIOUX TRIBE,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIV. 06-5001-RHB<br><br>ORDER<br><br>FILED<br>JUN 2 1 2007<br>CLERK |

**NATURE AND PROCEDURE OF THE CASE**

This litigation commenced in 1985 when plaintiffs brought suit against defendants alleging that the garbage dumps located on the Pine Ridge Indian Reservation were maintained in violation of the Resource Conservation and Recovery Act (RCRA). After lengthy litigation, this Court ordered defendants to bring the sites into compliance.

In the current complaint, plaintiffs again allege that dump sites located on the Pine Ridge Indian Reservation are being maintained in violation of the RCRA.

Additionally, plaintiffs allege that defendants have not obeyed the Court's Order issued in <u>Blue Legs v. United States</u> (Docket #131 in CIV. 85-5097), 732 F. Supp. 81 (D.S.D. 1990) (<u>Blue Legs III</u>). The Oglala Sioux Tribe (OST), the United States Bureau of Indian Affairs and the United States Indian Health Service (federal defendants) deny these allegations.

Pursuant to the Court's Order, the parties filed their report regarding their Rule 26 meeting on November 14, 2006. On the same day, a notice scheduling a settlement conference was filed by the magistrate judge at the request of the parties. The notice set the conference on January 3, 2007, and required the attendance of all parties. Due to the notice regarding the settlement conference, a scheduling order based upon the Rule 26 meeting was not issued by this Court.

On December 28, 2006, settlement negotiations failed and the settlement conference was cancelled. The parties were ordered to file a motion for summary judgment. Plaintiffs filed their motion for summary judgment on March 1, 2007. On March 15, 2007, OST filed a motion in opposition to plaintiffs' motion for summary judgment. Finally, on April 2, 2007, federal defendants also filed a motion for summary judgment. The time allowed for the filing of responses has expired and these motions are ripe for disposition.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v.

Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 106 S. Ct. at 1356.

The teaching of Matsushita was further articulated by the Supreme Court in Eastman Kodak Co. v. Image Technical Services, Inc., 504 U.S. 451, 468, 112 S. Ct. 2072, 2083, 119 L. Ed. 2d 265 (1992) where the Court said, "Matsushita demands only that the nonmoving party's inferences be reasonable in order to reach the jury, a requirement that was not invented, but merely articulated, in that decision." The Court expounded on this notion by reiterating its conclusion in Anderson that, "[s]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Eastman Kodak, 504 U.S. at 468 n.14, 112 S. Ct. at 2083 n.14 (quoting Anderson, 477 U.S. at 248, 106 S. Ct. at 2510). Finally, should there remain any doubt as to whether the courts continue to harbor any antagonistic feeling toward resolution of summary judgment motions, Chief Judge Arnold in City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., 838 F.2d 268 (8th Cir. 1988), laid such thoughts to rest. He stated that,

> [A] trilogy of recent Supreme Court opinions demonstrates that we should be somewhat more hospitable to summary judgment than in the past. The motion for summary judgment can be a tool of great utility in removing

4

> factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact.

Id. at 273. See also Midwest Radio Co. v. Forum Pub. Co., 942 F.2d 1294, 1296 (8th Cir. 1991).

Based on the foregoing, the trilogy of Celotex, Anderson, and Matsushita provides the Court with a methodology in analyzing plaintiffs' motion for summary judgment. See generally 1 Steven A. Childress & Martha S. Davis, Federal Standards of Review § 5.04 (2d ed. 1991) (discussing the standards for granting summary judgment that have emerged from Matsushita, Celotex, and Anderson). Under this trilogy, it is incumbent upon the nonmoving parties to establish significant probative evidence to prevent summary judgment. See Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank, 934 F.2d 976, 979 (8th Cir. 1991).

## DISCUSSION

### I. Compliance with the Court's Order

#### A. Federal Defendants

Plaintiffs first allege that defendants have failed to comply with Blue Legs III. Under that Order, federal defendants were required to provide a portion of the funding necessary for the cleanup of the offending dump sites. Blue Legs III, 732 F. Supp. at 84.

Federal defendants contend that they have provided the requisite funding to clean up the sites and maintain them in accordance with the Environmental Protection

Agency (EPA) regulations. Moreover, federal defendants contend that they have supplied greater funding for the site cleanup to the OST than originally required by the Court. Plaintiffs do not dispute these facts. Thus, there is little doubt that federal defendants complied with Blue Legs III, in that they supplied the requisite funding ordered by this Court. As a result, summary judgment should be granted in favor of federal defendants on the issue of their compliance with the Court's prior Order.

B.   OST

Blue Legs III also clarified that it was the duty of the Oglala Sioux Tribe (OST) to "exercise management responsibility over the project." Id. OST argues that summary judgment cannot be granted on this issue as discovery has not taken place. In support of this position, OST cites Fed. R. Civ. P. 56(f) which provides the Court with the authority to continue discovery before ruling on a motion for summary judgment if the party opposing the motion for summary judgment "cannot for reasons stated present by affidavit facts essential to justify the party's opposition." OST further cites Stanback v. Best Diversified Products, Inc., 180 F.3d 903, 911 (8th Cir. 1999), in which the Eighth Circuit stated that

> [a] party opposing summary judgment who believes that she has not had an adequate opportunity to conduct discovery must seek relief pursuant to Federal Rule of Civil Procedure 56(f), which requires the filing of an affidavit with the trial court showing 'what specific facts further discovery might unveil.'"

6

Despite reciting this requirement in its brief, OST did not file an affidavit setting forth specific facts that further discovery would reveal. Moreover, the Court is mystified as to what information OST believes it needs from plaintiffs to prove that it has met its obligations under Blue Legs III and the pertinent regulations. As a result, the Court finds OST's position to be disingenuous. Nonetheless, the Court finds that summary judgment cannot be granted on this issue.

> Federal Rule of Civil Procedure 56(c) states that
>
> > [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Though not cited by OST in response to plaintiffs' motion for summary judgment, OST did file an affidavit of Robert Pille in support of its earlier motion to dismiss, which was denied. (Docket #13, Attachment #1). The affidavit states that "the Tribe established a plan for the closure of the garbage pits [which were the subject of the initial litigation] and for the construction of a sanitary landfill." Affidavit of Robert Pille, ¶ 8. The affidavit goes on to state:

> [t]he Tribe compacted the solid waste at these sites, and buried the waste in accordance with Environmental Protection Agency regulations. 40 CFR Part 258. The land was re-seeded and fenced, with signs posted notifying the public that they are closed solid waste disposal sites.

Id., ¶ 11. This affidavit supports the contention that OST has met its obligations under

7

Blue Legs III. As a result, the Court finds that a question of fact exists as to OST's compliance with Blue Legs III, and summary judgment, therefore, cannot be granted.

## II. Current Condition

### A. OST

Plaintiffs contend that the dump sites on the Pine Ridge Indian Reservation are currently in violation of the RCRA. Plaintiffs have submitted photographs and affidavits in support of their allegations that the dump sites located on the Pine Ridge Indian Reservations constitute open dump sites and are therefore, in violation of the RCRA. In opposition, OST again argues that no discovery has taken place and therefore, summary judgment is not appropriate. To each statement of fact submitted by plaintiffs, OST responds that a deposition has not been taken and argues that affidavits are insufficient to support a motion for summary judgment. The Court finds OST's assertions to be without merit.

Federal Rule of Civil Procedure 56(e) states that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Furthermore, Fed. R. Civ. P. 56(e) specifically contemplates the use of affidavits in

support of, or opposition to, summary judgment. As a result, affidavits are permissible evidence in a summary judgment matter. Furthermore, mere denials or allegations, such as those made by OST, are insufficient to show that a question of fact exists and that summary judgment is inappropriate. Thus, OST's interpretation of Fed. R. Civ. P. 56(f) is erroneous.

Nonetheless, the Court finds that summary judgment cannot be granted at this time. Again, the Court looks to the affidavit of Robert Pille filed by OST in support of its motion to dismiss. This affidavit states that "[t]here is no longer any open dumping of solid waste on the Pine Ridge Reservation. Instead, there are 10 transfer stations, all of which are fenced and full-time staff for maintenance." Affidavit of Robert Pille, ¶ 13. As a result, the Court finds that a question of fact exists as to whether the dump sites are currently in violation of the RCRA. Consequently, summary judgment shall not be granted on this issue.

B. **Federal Defendants**

Plaintiffs contend that federal defendants should bear at least some responsibility for the clean up of these sites. Title 42 of the United States Code, section 6961 discusses the application of the RCRA to federal facilities. It states that

> [e]ach department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any solid waste management facility or disposal site, or (2) engaged in any activity resulting, or which may result, in the disposal

9

> or management of solid waste or hazardous waste shall be subject to, and comply with, all Federal, State, interstate, and local requirements . . . respecting control and abatement of solid waste or hazardous waste disposal and management in the same manner . . . .

42 U.S.C. § 6961. Federal defendants admittedly generate waste on the Reservation and contract with OST for its disposal. See Federal Defendants' Brief in Support of their Motion for Summary Judgment (Docket #72), p. 11. As such, federal defendants are engaged in activity which falls under the RCRA and are, therefore, obligated to insure compliance with the pertinent regulations set forth by the Environmental Protection Agency. See Blue Legs v. United States Bureau of Indian Affairs, 867 F.2d 1094, 1101 (8th Cir. 1989) (Blue Legs II). Thus, this Court rejects the government's contention, as the Eighth Circuit has, "that BIA and IHS owe no obligation to the plaintiffs because they merely contract[] with [OST] for garbage disposal." Id. As a result, summary judgment on this issue must be denied.

## CONCLUSION

The Court has determined that summary judgment should not be granted regarding the issues of OST's compliance with the Court's prior Order, the current condition of the dump sites, and the liability of federal defendants if it is determined that the sites are in violation of RCRA. It appears that limited discovery is necessary. As a result, the Court will set forth certain deadlines and set this matter for a court trial. Accordingly, it is hereby

ORDERED that plaintiffs' motion for summary judgment (Docket #36) is denied.

IT IS FURTHER ORDERED that federal defendants' motion for summary judgment (Docket #70) is granted with respect to plaintiffs' claim of failure to comply and denied with respect to remaining liability issues.

IT IS FURTHER ORDERED that Oglala Sioux Tribe's motion in opposition (Docket #61) is denied.

IT IS FURTHER ORDERED that all initial disclosures required by Rule 26(a)(1) shall be exchanged by the parties, *but not filed with the Court*, on or before **July 3, 2007**.

IT IS FURTHER ORDERED that the period during which the parties may conduct discovery shall terminate on **September 19, 2007**. Each party shall be permitted to serve **50 interrogatories** and responses thereto shall be due thirty days after service. Each party shall fully supplement all discovery responses as additional information becomes available. Disputes with regard to prediscovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate motion, and shall not be relied upon by any party as a justification for not adhering to this pretrial schedule. Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.

IT IS FURTHER ORDERED that each party shall be permitted to take a

maximum of ten depositions, excluding depositions of experts, without prior leave of the Court.

IT IS FURTHER ORDERED that the identity of and reports from retained experts under Rule 26(a)(2) shall be due from plaintiffs by **October 19, 2007**, and from defendants by **November 16, 2007.** Any expert not so designated will not be permitted to testify at the trial.

IT IS FURTHER ORDERED that each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Fed. R. Civ. P. 26(a)(2)(B), the report shall contain:

    a.    The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

    b.    The compensation to be paid for the study and testimony;

    c.    A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

    d.    A complete statement of all opinions to be expressed and the basis and reasons therefor;

    e.    The data or other information considered by the witness in forming the opinions; and

    f.    Any exhibits to be used as a summary of or support for the opinions.

IT IS FURTHER ORDERED that the court trial of this matter will be held on

**Tuesday, December 11, 2007**, at 9 a.m., in Room 236 of the Federal Building, 515 Ninth Street, Rapid City, South Dakota.

Dated this 21ST day of June, 2007.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE