UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MEREDITH BLUE LEGS, Executor of the Estate of Mattie Blue Legs, deceased; MARGARET JENKINS; and RODDY THOMPSON, | ) ) ) ) ) ) | Civ. 06-5001 |
| Plaintiffs, | ) ) | ORDER |
| vs. | ) ) | |
| UNITED STATES BUREAU OF INDIAN AFFAIRS; UNITED STATES INDIAN HEALTH SERVICE; and the OGLALA SIOUX TRIBE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs, Meredith Blue Legs, Executor of the Estate of Mattie Blue Legs, deceased, Margaret Jenkins, and Roddy Thompson, move this court for a five-year extension of the independent consultant's term. Defendants the United States Bureau of Indian Affairs and Indian Health Services do not oppose the five-year extension. Defendant Oglala Sioux Tribe (OST) opposes a five-year extension, but it does not oppose a one-year extension of the independent consultant.

A consent decree was entered into between the parties in December of 2007. The court approved the consent decree on December 13, 2007. Paragraph 3 of the consent decree provides as follows:

> 3. OST shall retain an independent consultant, to be agreed upon by the parties. The independent consultant will be responsible for certifying and documenting whether the 2008 cleanup has been completed and will submit a report to the Court and the parties by June 9, 2008. While the independent consultant's report is not due until June 9, 2008, the independent consultant will examine and document each site after the independent consultant has been notified by OST or Federal Defendants that a particular site has been cleaned up, without waiting for all of the sites to be cleaned up. The independent consultant shall also be available for an initial period of 5 years to receive complaints in the future from these parties or others about the solid waste facilities on the Pine Ridge Reservation after the 2008 cleanup. This 5-year period may be extended for 2 additional 5-year periods for good cause shown to the Court by any party. The independent consultant shall review such complaints. If the independent consultant determines that future cleanup actions are necessary, he shall so inform the OST and the parties through their designated representatives. If any such recommended cleanups are not performed within a reasonable time frame, not to exceed ninety (90) days except for good cause shown as determined by the independent consultant, the independent consultant shall inform the Court and a designated representative of each party. In making any certifications, determinations and recommendations under this Consent Decree, both with respect to the 2008 cleanup and with respect to any future site conditions, the independent consultant shall apply the criteria of 40 C.F.R. §§ 240.101, 243.200-1, 243.201-1, 243.203-1, 243.204-1 and the Oglala Sioux Tribe Integrated Solid Waste Management Code. While, as set forth below, the Court retains jurisdiction to enforce the terms of this Consent Decree, it is the parties' explicit agreement that no party may seek a Court-ordered cleanup under this Consent Degree without first bringing the matter to the attention of the independent consultant for a recommended resolution in accordance with this Paragraph.

We are approaching the end of the initial five-year period, which will occur on December 13, 2012. The court finds that plaintiffs have shown good cause for the first five-year period extension. The independent consultant, Michael A.

Fairbanks, has monitored compliance with the consent decree during the first five year-period. In 2009, he certified the sites as clean. In 2010, however, eight sites were not in compliance, while three were in compliance. During 2011 and 2012, the sites were in and out of compliance at various times. Finally, by November 29, 2012, all sites had been brought into compliance. Because OST has not maintained compliance with the terms of the consent decree during the first five-year period, the court finds that plaintiffs have shown good cause for a five-year extension of the independent consultant's term.

OST raises several questions regarding the terms of paragraph 3 of the consent decree. First, OST contends that the consent decree does not direct the independent consultant to make unsolicited inspections of the site, but rather to receive complaints form the parties to this case and others about the solid waste facilities on the Pine Ridge Indian Reservation and to address violations of a specifically defined set of federal standards. The court agrees with OST's position. From this point forward, the independent consultant should only investigate complaints from the parties or others and act on those complaints as set forth in paragraph 3 of the consent decree. Unsolicited inspections of the property are not provided for in the consent decree.

Second, OST objects to the independent consultant filing reports with the court unless OST has failed to perform the required clean up after notice and a 90-day cleanup period. Pursuant to an order of this court dated June 4, 2010,

the original terms of paragraph 3 of the consent decree apply to the independent consultant's reporting requirements. The court agrees with OST's position that reports are not required to be filed with the court unless the independent consultant has determined that future cleanup actions are necessary, he has informed OST of the alleged deficiency, and the cleanup has not been performed by OST within a reasonable time frame, not to exceed 90 days unless good cause is shown. Thus, it is

ORDERED that plaintiffs' motion (Docket 269) to extend the terms of the independent consultant for five years through December 13, 2017, is granted.

Dated December 5, 2012.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE